SCHOOL-DISTRICT No. 31 OF LE SUEUR COUNTY *vs.* PATRICK ROACH and others.

June 19, 1890.

**Judgment against School-District—From what Fund Payable.—Gen.**
St. 1878, c. 36, § 119, authorizes the treasurer of a school-district to pay a judgment against the trustees of the district only out of money not otherwise appropriated. He has no authority to do so out of moneys of the district applicable only to other specific purposes.

Action against a former treasurer of plaintiff and the sureties on his bond, to recover a balance of $64.46, alleged to be still in the treasurer's hands, with interest. Defence, payment of $41.40 on a judgment against plaintiff, and tender of $23.06 to plaintiff. At the trial in the district court for Le Sueur county, before *Edson, J.*, the plaintiff had a verdict for the full amount claimed by it. The defendants appeal from an order refusing a new trial.

*Francis Cadwell* and *J. B. O'Malley*, for appellants.

*M. R. Everett*, for respondent.

MITCHELL, J. The only question in this case is whether the defendant Roach was entitled to a credit in his accounts as treasurer of the plaintiff school-district for the amount of an alleged judgment against the district, which he had assumed to pay out of school moneys in his hands. Gen. St. 1878, c. 36, § 119, provides that "when a judgment is recovered against any trustees in any action prosecuted by or against them in their name of office, no execution shall issue on such judgment; but the same, if for the recovery of

money, shall, unless reversed or stayed on appeal, be paid by the treasurer, upon demand and the delivery to him of the certified copy of the docket of the judgment, if there is sufficient money of such district in his hands *not otherwise appropriated.*" This power of the treasurer to pay judgments is a rather dangerous one, as is illustrated by the present case. But it is only out of money "not otherwise appropriated," that he has any authority in any case to pay judgments. He cannot do so out of moneys raised for and applicable only to other specific purposes. According to defendant's own report as treasurer, which is in no way explained or contradicted, all the money which was in his hands was applicable only to certain specific purposes enumerated in the report, of which the payment of this judgment was not one. Hence, assuming that the evidence showed a valid judgment against the school-district, (of which there may at least be doubt,) the defendant had no right to pay it out of these funds. This point, upon which there was no conflict of evidence, being decisive of the case, the errors assigned as to other matters are immaterial.

Order affirmed.