The Fidelity Insurance, Trust and Safe Deposit Company, Trustee under Deed of Trust of Elisha Lewis, Jr., dated October 20, A. D. 1890, *v.* The Fidelity Insurance Trust and Safe Deposit Company, Trustee under Deed of Trust of Elisha Lewis, Jr., dated April 10, A. D. 1877, A. Nelson Lewis, Mary Lewis, Jarrett Thomas Lewis and The Fidelity Insurance, Trust and Safe Deposit Company, Committee of the Estate of William Melville Lewis, Appellants.

*Trusts and trustees—Will—Deed of trust—Annuity—Real and personal estate.*

L., by a voluntary deed of trust, conveyed to a trustee " all the personal property and estate whatsoever and wheresoever " to which he was entitled under the will of his father. Annexed to the deed of trust was a schedule enumerating shares of stock, bonds and cash, but not including an annuity charged on certain real estate in Maryland. About three years after the execution of the first deed of trust, a Maryland court on an application to construe the will of L.'s father as to the Maryland property, decreed " that the interest of each annuitant in said property, and the right of each to receive his or her annuity from the same as above decreed, do and shall constitute a lien and charge upon the said property and upon the income thereof, which right, lien and charge upon said property is hereby decreed to be the absolute property of each annuitant descendable to his or her heirs at law as real estate." Thirteen years after the execution of the first deed, L. executed a second deed of trust of all his interest in the Maryland property to the same trustee. *Held*, that the share of the proceeds of the sale of the Maryland property applicable to L.'s annuity passed under the second deed of trust.

Argued March 24, 1896. Appeal, No. 449, Jan. T., 1895, by defendants, from decree of C. P. No. 3, Phila. Co., March T., 1893, No. 642, on bill in equity. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Bill in equity for the construction of a deed of trust.

From the bill and answer it appeared that on April 10, 1877, Elisha Lewis, Jr., executed a voluntary deed of trust to the Fidelity Insurance, Trust and Safe Deposit Company, of "all the personal property and estate whatsoever and wheresoever "

to which he was entitled under the will of his father, Elisha Lewis, Sr. His elder brother, A. Nelson Lewis, was made the principal beneficiary in case of a failure of children. No provision was made therein for any second wife. There was no clause of revocation.

A schedule was attached to said deed of trust, headed " Schedule of the property and estate assigned, transferred and set over unto the Fidelity Insurance, Trust and Safe Deposit Company upon the uses and trusts mentioned and set forth in the foregoing indenture." This included cash, shares of stock and bonds. No mention was made of the annuity or rent charge given to him by the will, which is the subject of the present controversy.

Lewis' first wife died. He married again. In October, 1890, he made a second deed of trust to the same trust company, by which he conveyed to it, in trust, all his interest in certain warehouses and lots of ground in the city of Baltimore, state of Maryland, and in and to any sums, principal or income, which might arise thereout. By this deed a spendthrift trust was created for himself during his life. Upon his decease the income was to be paid to his second wife during her widowhood. There was a remainder over of a certain sum to his counsel, in compensation of services which had been rendered to him, and to certain nieces of his wife, or to his children.

By the will of Elisha Lewis, Sr., the warehouses in the city of Baltimore were devised to Albert Nelson Lewis, in fee, subject to the payment to Elisha Lewis, " his heirs and assigns," of the sum of $1,000 per annum, in equal quarterly installments of $250 each so long as the warehouses should not rent for less than $6,000 per annum. This annuity, in case the rental fell to less than the designated sum, was to be reduced to $900 per annum. This annuity, and those given to the other children, were declared " to be a lien and charge upon the said warehouses."

On the 18th day of September, 1878, A. Nelson Lewis, finding that the rental had fallen to a sum considerably less than $6,000 per annum, filed his petition in the circuit court of Baltimore, making Elisha Lewis and his then wife, and the three other annuitants named in said will, Mary Lewis, William Melville Lewis and Augustus Jarrett Lewis (now called Jarrett

Thomas Lewis) respondents. By said petition he demanded a decree of construction of his father's will, and that his right, and those of the annuitants, should be ascertained and defined.

January 27, the Baltimore court decreed that no personal liability for the payment of the annuities attached upon Albert Nelson Lewis beyond the value of the property devised to him and the income and rent to be derived therefrom. It was decreed that by said will there was vested a fee simple in said premises in said Albert Nelson Lewis, "subject to a charge and lien thereon in favor of said annuitants to secure to them the payment of their said annuities," and that the annuitants were entitled to have the rents and profits applied to the payment of their said annuities as in the decree specifically set forth. It was ordered that said Albert Nelson Lewis should account and pay, in each year, out of the gross rental of the premises, after paying taxes and public charges and assessments and necessary expenses of maintenance, to each of the annuitants, the sum of $1,000 per annum if the said rents should suffice to pay the same, and if the same should be insufficient, that then the net balance of the rents should be equally and ratably divided in fee simple among the annuitants. It was decreed "that the interest of each annuitant in said property, and the right of each to receive his or her annuity from the same as above decreed, do and shall constitute a lien and charge upon the said property and upon the income thereof, which right, lien and charge upon said property is hereby decreed to be the absolute property of each annuitant descendible to his or her heirs at law as real estate."

It was further decreed that Albert Nelson Lewis should not receive for his own use any part or portion of said rents or income "during any year of its rental, unless and until there shall have been paid from said rents and income the current annuities for that year." It was further ordered "that in the event of the sale of said property, the proceeds of the same shall first be applied to the payment of each annuitant, his or her heirs and assigns, of a sum of money sufficient to produce, at six per cent interest, an income of $1,000 per annum, if said proceeds shall be sufficient; and if insufficient, then that said proceeds shall be first applied to pay to each annuitant, his or her heirs or assigns, a sum of money sufficient, at six per cent,

to produce an income of $900 per annum, and after fully paying and satisfying said annuitants, their heirs and assigns, as above decreed, the residue of said proceeds, if any, shall be the property of said Albert Nelson Lewis, his heirs or assigns, owners of said property."

After said decree Albert Nelson Lewis continued to pay to the annuitants so much money, not exceeding the sums named in the will, as were realized out of the rents of the warehouses. The latter were subsequently sold, and some $9,000 were realized as the share of the proceeds payable to Elisha Lewis, Jr. This fund was paid to the Fidelity Insurance, Trust and Safe Deposit Company, and the present bill was filed for the purpose of determining whether it held the same under the first or under the second deed of trust.

The court entered a decree that the proceeds of the sale of the Baltimore property should be retained and accounted for by the trustees in accordance with the provisions of the deed of trust of October 18, 1890.

*Error assigned* was above decree.

*J. Willis Martin, Victor Guillou* and *Charles Marshall* with him, for appellants.—The interest of Elisha Lewis, the annuitant, in the Baltimore warehouses was personal property and not real estate: 2 Pomeroy's Eq. Jurisp. sec. 1244; Merritt v. Bucknam, 77 Me. 253; Hellman v. Hellman, 4 Rawle, 440.

The deed of trust dated April 10, 1877, transferred to the trustee named the interest of Elisha Lewis in the annuity charged upon the Baltimore property: Chicago v. Sheldon, 9 Wall. 50; Mobile & Montgomery R. Co. v. Jurey, 111 U. S. 584; Berridge v. Glassey, 112 Pa. 442.

The deed of trust of April 10, 1877, was not revocable either directly or indirectly: Ashhurst's App., 77 Pa. 468; Fellows's App., 93 Pa. 470; Merriman v. Munson, 134 Pa. 114; Solms v. Phila. Trust Co., 16 W. N. C. 80; Rick's App., 41 Leg. Int. 367; Toker v. Toker, 3 De G. J. & Sm. 487.

The character of the property right of the annuitant, Elisha Lewis, Jr., in the Baltimore property was not changed or affected by the decree of the Baltimore court: Taylor v. Martindale, 12 Sim. 158.

If it had been within the proper jurisdiction of the Baltimore court to declare this annuity to be real estate, such a decree of that court could not bind this court either as a judgment or a decision: Speed v. May, 17 Pa. 91; Law v. Mills, 18 Pa. 185; Smith's App., 104 Pa. 381; Noble v. Thompson Oil Co., 79 Pa. 354; Desesbats v. Berquier, 1 Binn. 336; Pleasant's App., 77 Pa. 369; Andress v. Lewis, 17 W. N. C. 270.

*John G. Johnson,* for appellee.—The court is bound to follow the decision of the Maryland courts as to the nature and character of the interest in the Baltimore warehouses devised by Elisha Lewis, Sr., to each of his children.

PER CURIAM, April 6, 1896:

This bill was filed by the trustee, named in the deed of trust dated October 18, 1890, against the trustee, named in the deed of trust dated April 10, 1877, and others. It so happens that the same corporation is trustee under each of said deeds, but the trusts which it represents are separate and distinct.

The case was heard and disposed of on bill and answer; and it was adjudged "and decreed that the second prayer of complainant's bill be granted, and that the money realized from the sale of the Baltimore property be retained and accounted for by the trustee in accordance with the provisions of the deed of trust of October 18, 1890."

We are satisfied from an examination of the record that the decree was warranted by the facts shown by the pleadings.

There is nothing in the case that requires discussion.

Decree affirmed and appeal dismissed with costs to be paid by the defendants.