# Born et al., Appellants, *v.* Pittsburgh.

*Road law—Vacation of streets—Ordinance—Repeal—Municipalities—Contract—Binding future council to pass future ordinance.*

1. When an ordinance has been duly passed vacating a street and has gone into effect, a repeal of it would have no effect to reëstablish the street so vacated.

2. If an ordinance is passed for the vacation of a street to take effect at a future time, either upon the fulfilling of a condition or the happening of any future event, or the arrival of a fixed time, the repeal of the ordinance before it has gone into effect under its terms, will have no effect upon the status of the street and it will continue thereafter to be a street as before.

3. It is not in the power of the city council to pass an ordinance or otherwise make a contract binding itself or a future council to pass a future ordinance.

4. Where a vacation ordinance is not to go into effect until a certain other street is paved, and the ordinance does not provide when or how or by whom the other street is to be paved, and such an ordinance is repealed before the paving is done, the status of the street intended to be vacated is not changed, if the repealing ordinance is otherwise valid.

*Equity—Jurisdiction—Cloud on title.*

5. A cloud upon a title which a court of equity has jurisdiction to remove is where there is an apparently good title or claim against that of the plaintiff, which, however, is really defective by reason of something not appearing of record. Where everything appears upon the record, the validity of the plaintiff's title is a question of law which the plaintiff has no right to call upon a court of equity to determine.

Argued October 17, 1919.    Appeal, No. 101, Oct. T., 1919, by plaintiffs, from decree of C. P. Allegheny Co., April T., 1918, No. 1814, dismissing bill in equity in case of John E. Born and the Great Atlantic and Pacific Tea Company v. City of Pittsburgh, Edward V. Babcock, Mayor, and John Swan, Jr., Director of the Department of Public Works of said city and Dr. J. P. Kerr, John H. Dailey, W. Y. English, Robert Garland, John S. Herrob, P. J. McArdle, Enoch Rauh, W. H. Roberts and William J. Burke, the Council of the said city, and Edward J. Martin, City Clerk of said city.    Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ.    Affirmed.

Bill in equity to declare void an ordinance repealing a prior ordinance vacating a portion of Gordon street in the City of Pittsburgh, and to determine the rights of the parties in relation thereto.

SHAFER, J., filed the following opinion:

1. At a time which does not definitely appear in the evidence, but some years before the happening of the events complained of, the Security Investment Company was the owner of lands in the City of Pittsburgh and laid out those lands in a plan of lots known as the Westinghouse Park Plan.    Among other streets laid on the plan was one known as Gordon street which was the width of sixty feet and extended from Murtland avenue, a street at right angles with it, along the right-of-way of the Pennsylvania railroad to a point near Dallas avenue, which crosses the railroad under the tracks, and thence

by a curve to and along Dallas avenue, but at a higher elevation, to a street called McPherson street, parallel with Gordon street. The plan also showed an alley called Lynn Way, extending from Murtland avenue to Gordon street, running parallel with the railroad and about 145 feet distant from it. Gordon street was graded and curbed by the Security Investment Company before the plan was laid out. Lynn Way was not paved, but was open, and the dedication of both of these ways was accepted by the public.

2. In November, 1915, John E. Born, one of the plaintiffs, purchased from the owner thereof all the lots lying between Murtland avenue, Lynn Way and Gordon street, and also the small triangle at the corner of Dallas avenue and the railroad left on the other side of Gordon street from the lots first mentioned by the curve of that street.

3. In January, 1916, Mr. Born presented to the division of engineering and surveys of the city, a suggestion or proposition for the vacation of Gordon street, where it abutted on his land, and the widening of Lynn Way to a width of 50 feet; and informed that department that if the city would vacate that part of Gordon street he would dedicate thirty feet of his lots fronting on Lynn Way to be added to it and make it fifty feet wide, and that he would grade, curb and pave Lynn Way.

4. The director of the department of public works thereupon caused to be prepared a petition for the vacation of Gordon street, with a waiver of damages, a copy of which is annexed to the bill; an ordinance vacating Gordon street, a copy of which is also annexed to the bill as Exhibit "B"; a deed of dedication conveying to the city for highway purposes the 30-foot strip necessary to widen Lynn Way to 50 feet; and an ordinance accepting the dedication, a copy of which is also annexed to the bill. These papers were executed by him and delivered to the authorities of the city, the deed of dedication being delivered in escrow.

5. Afterwards, on February 14, 1916, these papers were brought before council and laid before the committee of public service and surveys, and the matter was so proceeded in that the vacation ordinance and the ordinance accepting the dedication were signed by the mayor on February 26, 1916, and the ordinances duly published and entered in the ordinance books of the city.

6. The vacation ordinance, Exhibit "B" of the bill, contains the following section:

"Section 2. The vacation of the above described portion of Gordon street is made subject to and contingent upon the dedication of thirty feet along the northerly side of Lynn Way, for the purpose of widening this way to a width of fifty feet, and shall not be effective until the said Lynn Way is widened, graded, paved and curbed between Gordon street and Murtland street."

7. Thereafter the plaintiff, John E. Born, entered into an agreement with the other plaintiff, the Great Atlantic and Pacific Tea Company, to convey to it a certain part of the land owned by him, including a part of the vacated Gordon street. As part of his arrangement with the tea company he placed twelve thousand dollars on deposit to pay for the grading, curbing and paving of Lynn Way.

8. Mr. Born was at all times willing and anxious to proceed with the work of grading, curbing and paving Lynn Way and was desirous of having ordinances passed authorizing the laying of a sewer in that way and the laying of water pipes therein, and the direction or permission of the city for him to grade, pave and curb it, and for directions as to how it should be paved.

9. On January 14, 1918, an ordinance was introduced into council to repeal the ordinance Exhibit "B," which, after various fortunes, was duly passed on January 31, 1918.

10. The city has tendered to Mr. Born a deed reconveying to him the strip of thirty feet conveyed by him to the city for the purpose of widening Lynn Way.

CONCLUSIONS OF LAW.

1. Whatever may be the general effect of an ordinance repealing a former ordinance, to revive the status of affairs which existed before the former ordinance was passed, we are clearly of opinion that when an ordinance has been duly passed vacating a street and has gone into effect, a repeal of it would have no effect to reëstablish the street so vacated.

2. If an ordinance is passed for the vacation of a street to take effect at a future time, either upon the fulfilling of a condition or the happening of any future event, or the arrival of a fixed time, the repeal of the ordinance before it has gone into effect under its terms will have no effect upon the status of the street and it will continue thereafter to be a street as before.

3. We have in this case a vacation ordinance which is not to go into effect until the paving of a certain other street, and the repeal of that ordinance before the paving was done. It would appear, therefore, that the status of the street in this case has not been changed, if the repealing ordinance is otherwise valid.

It is contended, however, by the plaintiff that the city could not enact the repealing ordinance because it had made a contract with him to vacate Gordon street and had received a consideration from him by way of the dedication of thirty feet along Lynn Way, and whether or not they are right in this contention seems to be the principal question in the case.

4. We are clearly of opinion that the proceedings above recited do not constitute a valid contract between the plaintiff Born and the city, to vacate Gordon street. In the first place there•is nothing to show that Born or anyone else was bound to grade and pave Lynn Way; there is nothing in the ordinance to indicate by whom it is to be paved, if at all. Nor was there anything except the ownership of the land by Born at the time to indicate who was to dedicate land for the widening of Lynn Way. If there was any contract therefor, it was purely

one-sided.   In the second place, even if the proceedings did show a definite attempt to make a contract such as the plaintiff claims was made, it would involve an agreement on the part of the city that ordinances would be passed designating the kind of paving that should be used on Lynn Way, and permitting the plaintiff or some one else to do the work.   But it is not in the power of the city council to pass an ordinance or otherwise make a contract binding itself or a future council to pass a future ordinance.

5.  As to the tender of a deed of reconveyance by the city to the plaintiff Born, for the thirty feet dedicated by him, we are of opinion that this would not relieve his thirty feet of ground from the easement acquired by the city from his dedication and the city's acceptance of it. It seems to us this could only be done by a vacation of that land as a public highway in the manner provided by law.

6.  The bill is said to be one to remove a cloud from the title of plaintiff's property.   Its prayers, however, show it to be in fact a bill for specific performance of a contract alleged to exist between the city and the plaintiff.   Two of the principal prayers of the bill are directed to the grading and paving of Lynn Way, one being that the court decree that he shall have the right to do so at his own expense, and the other for an injunction restraining the city from interfering with him in doing so. This would involve the determination by the court of the manner in which the street was to be graded, paved and curbed, a matter which is committed wholly to the council of the city and with which the court has no power to interfere.   It seems plain, therefore, that this relief could not be granted.

7.  As to the supposed cloud on the plaintiff's title, by which we understand to be meant the repealing ordinance itself, we are of opinion that that is not in any sense what is understood in equity by a cloud on the plaintiff's title, even if the ordinance were ineffectual

and void as claimed by the plaintiff. As we understand the law, a cloud upon the title which a court of equity has jurisdiction to remove is where there is an apparently good title or claim against that of the plaintiff, which, however, is really defective by reason of something not appearing of record. Where, as in the present case, everything appears upon the record, the validity of the plaintiff's title is a question of law which the plaintiff has no right to call upon a court of equity to determine.

8. We are therefore of opinion that the plaintiffs have shown no right to any of the equitable relief prayed for. It is therefore ordered that the bill be dismissed, with costs to be paid by plaintiffs.

A decree was entered accordingly and plaintiffs appealed.

*Error assigned* was decree dismissing the bill.

*Lee C. Beatty,* with him *B. H. Pettes* and *Joseph Stadtfeld,* for appellants.—The prohibition of the Federal Constitution against laws impairing the obligation of a contract applies to all contracts, whether executed or executory, whoever may be parties thereto: Northern Cent. R. R. Co. v. Maryland, 187 U. S. 258; Louisville, etc., R. R. v. Palmes, 109 U. S. 244; Fletcher v. Peck, 10 U. S. 87.

Vested and contract rights arising as the results of the passage of a city ordinance cannot be taken away by the repeal of the ordinance: Erie City v. Griswold, 5 Pa. Superior Ct. 132; Fulton v. Miller, 254 Pa. 363; In re Vacation of Delaware Ave., 10 D. R. 753; Duff v. Heppenstall, etc., Co., 234 Pa. 275; Shields v. Pittsburgh, 252 Pa. 74; Tabor Street, 26 Pa. Superior Ct. 167.

A street becomes vacated immediately upon the passage of a vacation ordinance without further action: Wetherill v. Penna. R. R., 195 Pa. 156; Carpenter v. Penna. R. R., 195 Pa. 160; Pulaski Avenue, 235 Pa. 151; Bornot v. Bonschur, 202 Pa. 463.

B. J. Jarrett, with him Charles A. O'Brien, for appellee.

PER CURIAM, January 5, 1920:

The decree dismissing plaintiffs' bill is affirmed, at their costs, on the facts found and the legal conclusions applied to them by the learned president judge of the court below.

Appeal dismissed.