STATE EX REL. McHOSE, RELATRIX, v. DISTRICT COURT ET AL., RESPONDENTS.

(No. 7,199.)

(Submitted October 7, 1933. Decided October 27, 1933.)

[26 Pac. (2d) 345.]

*Mr. Merle C. Groene,* for Relatrix, submitted a brief and argued the cause orally.

*Mr. A. D. Baker,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Relatrix on December 14, 1932, recovered judgment against joint school district known as district No. 49 in Wheatland county, and as district No. 7 in Golden Valley county, in the sum of $700.50 for salary as teacher, and for costs amounting

to $20.80. No appeal was taken from the judgment, and it has become final. It is still unpaid.

On August 1, 1933, relatrix filed in the district court of Golden Valley county her amended application for a writ of mandate against the school district and its trustees, alleging that the district had on hand funds amounting to $704.69 to pay on the judgment, and asking that the defendants be compelled to pay the judgment or to raise funds wherewith to pay it, and to issue a warrant to her. An alternative writ was issued. Defendants in that proceeding alleged in answer to the alternative writ that the budget did not contain any item or appropriation for the raising of revenue to pay the judgment and that no levy was made for that purpose; that "there is not now funds to the credit of said district with which to pay said judgment"; that the moneys on hand were raised for a set and particular object and purpose, to be spent accordingly; that the budget for the year 1933–1934 has been made, including provision for the payment of the judgment; and that the levy has been made therefor.

The court, after hearing, found in favor of the defendants in that proceeding and on September 1, 1933, dismissed the application for the writ. The judgment recites that the district "has on hand in its general fund $704.96" which was by the budget of 1932 and 1933 appropriated for the special purpose of conducting school in the district from July 1, 1933, to December 1, 1933, and is not available for the payment of the judgment; that since the judgment was rendered prior to the time when the budget for the school year 1933–1934 was made and adopted, it does not constitute an emergency; and that therefore the budget law is applicable. The judgment also recites that neither the budget made in 1932 for the school year 1932–1933, nor the one made in 1933 for the school year 1933–1934, makes provision for the payment of the judgment.

To review the action of the district court, relatrix asked for the exercise by this court of its supervisory powers. Upon

the filing of her application this court issued an order to show cause. Respondents have made answer, in which it is asserted that the judgment of relatrix is not an emergency "after the adoption of any final budget," within the meaning of section 16, Chapter 146, Laws of 1931, and that the remedy of relatrix was to compel the trustees of the school district by mandamus to make provision in the budget for the payment of the judgment. The answer also raises the question of the right of the relatrix to the remedy of supervisory control. It is alleged that she has a plain, speedy and adequate remedy at law by an appeal and that the case is not exigent.

It is shown that if relatrix took an appeal from the judgment complained of, the funds to the credit of the school district would be paid out to others before the appeal could be heard, and that thus, under the circumstances, the remedy by appeal is not adequate. The case is, therefore, a proper one for the exercise of the supervisory powers of this court, and we pass to the merits of the proceeding.

Ever since the year 1895 we have had a statute making it ██ ██ the duty of the trustees of a school district to pay judgments for salaries due any teacher on contract. The statute is now section 1017, Revised Codes of 1921, which reads: "Any board of trustees shall be liable, as trustees, in the name of the district, for any judgment against the district for any salary due any teacher on contract, and for all debts legally contracted under the provisions of this title, and they shall pay such judgments or liabilities out of the school moneys to the credit of such district."

From the plain wording of this statute it is clear that the trustees of the district have no discretion in such matters. They must pay the judgment "out of the school moneys to the credit of such district." Were this the only statute affecting the question, the right of relatrix to the writ of mandate sought in the lower court would be clear. It then becomes necessary to consider the effect of Chapter 146, Laws of 1931, on the question presented. This chapter provides a budget

system for school districts. By the Act the board of county commissioners is made the board of school budget supervisors; the county superintendent is made the clerk of the board. The board of trustees is chargeable with the duty, on the second Monday in June of each year, of preparing and adopting a preliminary budget for the next ensuing school year. The preliminary budget is then submitted to the county superintendent on or before July 1. The budgets of each district in the county are thereafter considered and examined by the budget board, which must meet on the fourth Monday of July and approve and adopt the final budget for each school district not later than the second Monday in August. The budget board is given power to change (with certain exceptions) any item or amount as shown by the preliminary budget. When the amount which may be expended has been fixed for each item, it "shall constitute the final budget and the appropriations for each school district for the current school year, and the board of school trustees and all officers and employees of such district shall be limited in the making of expenditures or incurring of liabilities to the amount of such detailed appropriations, respectively." (Sec. 14.)

It is clear from this and succeeding sections of the Act that each item in the budget constitutes an appropriation for a definite and specific object or purpose, and that the amount appropriated for one object or purpose may not be used or paid out for another, except that section 15 makes provision for the transfer of a part of the appropriation from one item to another, but this can be done only when it appears that there is an excess appropriation for one item and a deficiency in another.

Unless we find other provisions of the Act leading to a different conclusion, Chapter 146, Laws of 1931, clearly works an implied repeal of section 1017, Revised Codes 1921, for as thus far considered the provisions of the Act in effect prohibit the payment of claims not included in the budget and for which no appropriation was made. In other words,

the money on hand to the credit of the district, having been raised for a specific purpose, may not be used for a wholly different purpose. If the provisions of Chapter 146 thus far considered are given application, they conflict with section 1017. Chapter 146, being of a later date than section 1017, works a repeal of section 1017, unless section 16 of the Act compels a different conclusion. (Compare *School District No. 31 of Le Sueur County* v. *Roach*, 43 Minn. 495, 45 N. W. 1097.)

This brings us to section 16 of the Act, upon which the court's judgment rests. It in part provides as follows: "The provisions of this Act shall not apply in the case of any emergency caused by the destruction or impairment of any school property necessary for the maintenance of school, or by the entering by a court of competent jurisdiction of a judgment for damages against the district, or by enactment of legislation, after the adoption of any final budget, requiring expenditures not contemplated therein."

The court held that the budget law was not inapplicable, since the judgment was entered "prior to the time when the preliminary and final budget * * * for the years 1933 and 1934 was made up and adopted." In effect, respondents here contend that since the judgment was entered before the budget for the school year 1933–1934 was finally adopted, it constituted no emergency under the Act, but was an item which should have been included in the budget, and that relatrix should have proceeded by mandamus to compel the budget board to include it. If the budget made in 1933 for the school year 1933–1934 were the only one to be considered, there might be merit in respondents' contention. (Compare *School District No. 1* v. *School District No. 7*, 33 Colo. 43, 78 Pac. 690, and *School District No. 1* v. *School District No. 98*, 33 Colo. 52, 78 Pac. 693.) Under the facts here, we must also consider the budget made in 1932. It did not contain a provision for the payment of the judgment. It obviously could not have contained such an item, for when that budget was

prepared, the judgment had not yet been entered. That budget was adopted in August, 1932, and the judgment was not entered until December, 1932. If the duty, performance of which is sought to be enforced, existed at the time when the application for the writ of mandate was made, the writ must issue. (38 C. J. 602; *United States ex rel. International Contracting Co.* v. *Lamont,* 155 U. S. 303, 15 Sup. Ct. 97, 39 L. Ed. 160; *Summit County Board of Education* v. *State ex rel. Stipe,* 115 Ohio St. 333, 154 N. E. 742.)

The application of relatrix for the writ of mandate was filed on August 1, 1933. There was then money on hand to the credit of the district. There was money on hand when the court dismissed her application. The judgment in favor of relatrix was entered after the 1932 budget had been adopted, out of which the school expenses to and including the month of June, 1933, were being paid. The judgment at the time relatrix commenced her proceeding in mandamus constituted an emergency against which the budget then in operation made no provision, within the meaning of section 16 of Chapter 146, supra, and in consequence was removed from the provisions of the budget, except that it was still subject to the last four lines of section 16, which read: "but the trustees of any district, when any such emergency arises therein, may proceed, in any manner authorized by law, to levy taxes, raise funds, and make expenditures to meet and overcome such emergency."

What, then, was the duty of the trustees on August 1, 1933, when the mandamus proceeding was instituted? The last four lines of section 16 answer the question. In the first place, if the district was without funds, the trustees may proceed in any manner authorized by law, to levy taxes and raise funds. Whether in the light of the phrase "in any manner authorized by law" the trustees could do anything save to prepare to place the judgment in the next succeeding budget and levy a tax accordingly need not here be determined, for under the facts here they were not called upon to raise funds with which to pay substantially all of the judgment.

They already had on hand more than $700 at the time the mandamus proceeding was instituted. These funds were not subject to the payment of any further claims for the school year 1932–1933, since under the express command of section 17 of the Act any unpaid claims against appropriations for the school year 1932–1933, after the lapse of twenty days from the end of the school year, were null and void so far as those appropriations were concerned, and any such claims could not be paid therefrom but had to be provided for in the next ensuing budget.

Section 17 excepts from this rule "appropriations for uncompleted improvements in progress of construction," but no suggestion is made here that any such improvements were in progress of construction.

Having on hand on August 1, 1933, when the mandamus proceeding was instituted, more than $700 not subject to any other appropriation, the clear legal duty of the trustees under section 16 of the Act was to "make expenditures to meet and overcome such emergency" to the extent of the money then on hand.

We have not overlooked the finding of the court to the effect that the money on hand "was contained in the budget of said district for the years 1932 and 1933, and was by said budget appropriated for the special purpose of conducting the school in said district from July 1, 1933, to December 1, 1933." The 1932 budget under Chapter 146 could only be made for the school year 1932–1933, and could not extend to December 1, 1933. The attempt to utilize the money on hand on August 1, 1933, for the school year 1933–1934, in the face of the demand of relatrix, could not deprive her of the right to have it applied on her judgment.

A writ of supervisory control will issue, directed to respondents requiring them to issue a peremptory writ of mandate against the trustees of the school district for the payment of the judgment to the extent of the funds on hand to the credit of the district, and to proceed in any manner authorized

by law to levy taxes and raise funds to discharge the balance due on the judgment.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS and STEWART concur.

MR. JUSTICE ANDERSON being disqualified, takes no part in the foregoing decision.