Commonwealth ex rel. Fortney (for use, Appellant) v. Bartol et al.

Argued May 12, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*John L. Pipa, Jr.,* for appellant.

*Daniel W. Kearney,* for appellees.

OPINION BY MR. JUSTICE STERN, May 26, 1941:

The Volunteer Fire Department of Coal Township, Northumberland County, plaintiff in the present proceedings, is made up of five fire companies and associations which for many years have served the township and received from it annual appropriations. In 1936 there remained unpaid on the appropriations for 1934 and 1935 the sum of $5,700, to recover which plaintiff brought mandamus proceedings against the township commissioners. On April 7, 1936, the township solicitor entered into a written agreement with plaintiff's counsel that judgments might be entered aggregating that amount, and that the township would enact an ordinance appropriating to plaintiff "for each year hereafter, at least the sum of Three Thousand ($3,000.00) Dollars, which said sum shall be paid to the plaintiff out of tax levies made for each year hereafter and al-

lotted to the Fire Appropriation Fund, said payments to be made to the plaintiff before any other moneys shall first be paid out of said Fund." The township appropriated to plaintiff $3,000 for the year 1937 and the same sum in 1938, but neither of these amounts was paid. On October 12, 1938, the township passed an ordinance, apparently in pursuance of the 1936 agreement, providing that "the sum of $3,000.00 shall be appropriated each year for the use of the Volunteer Fire Department of Coal Township, and the said sum shall be provided for in the Annual Budget of said Township of Coal, and shall be paid to the proper officers of said Department for their use thereof annually." The present petition for writ of alternative mandamus was brought by plaintiff against the commissioners to secure from them an order on the township treasurer to pay, out of the first moneys received by him, the appropriations of $3,000 for each of the years 1937 and 1938, together with $481.50 interest which remained unpaid on the judgments entered in 1936. The court ordered payment of the $481.50, and that item is no longer in controversy, but dismissed the writ as to the $3,000 items, and from that dismissal this appeal was taken.

The case is controlled by elementary principles of law which require affirmance of the court's decree. There was some question raised at the trial of the cause as to whether the commissioners had approved the agreement made by the solicitor of the township in 1936, but for present purposes it may be assumed that such approval was given. The portion of that agreement, however, which obligated the township to enact an ordinance making an appropriation to plaintiff for each year thereafter was invalid and wholly ineffectual for the purpose, and this is true also of the ordinance of October 12, 1938, which provided for similar future appropriations. The service of a fire department is governmental in character: *Devers v. Scranton City*, 308

Pa. 13, 161 A. 540. In the performance of sovereign or governmental, as distinguished from business or proprietary, functions, no legislative body, or municipal board having legislative authority, can take action which will bind its successors: *McCormick v. Hanover Township*, 246 Pa. 169, 92 A. 195; *Moore v. Luzerne County*, 262 Pa. 216, 105 A. 94; *Born v. Pittsburgh*, 266 Pa. 128, 109 A. 614. It cannot enter into a contract which will extend beyond the term for which the members of the body were elected. It cannot, by ordinance or resolution, make it obligatory upon a future body to pass an ordinance. Therefore the commissioners could not agree in 1936, nor ordain in 1938, that later commissioners, in the exercise of their governmental power, would appropriate funds to the Volunteer Fire Department.

In regard to the appropriations made by the 1937 and 1938 ordinances, the commissioners showed at the trial that due to the catastrophic situation in the coal mining industry the amount of taxes received for those years was hopelessly inadequate to pay the debt service and the general operating expenses of the township, and that the funds had been pledged to a bank for money borrowed against the 1936, 1937 and 1938 duplicates; also that the years following 1938 have been no better as far as the township's finances are concerned. All the taxes were collected, not from specific levies for enumerated items of expenditure, but from a levy for general operating purposes and for the sinking fund. The items listed in the budget designated the needs of the township for the year, but all funds for general purposes were kept in one account, and orders were drawn on this fund and charged against the particular budget item in question, the appropriation to plaintiff in the budget being labeled as "Contribution to Volunteer Firemen." The budgetary appropriations did not create in plaintiff a vested right in any fund. They were execu-

tory gifts subject to revocation before actual payment of the money, and if circumstances arose under which the money appropriated by ordinance was needed for the discharge of the current expenses of the township it was subject to the disposal of the commissioners: *Commonwealth v. Barker,* 211 Pa. 610, 61 A. 253; *Firemen's Relief Association v. Scranton,* 217 Pa. 585, 66 A. 1103.

The situation may be thus summarized: The township budgeted money to plaintiff, not because of any valid or enforceable contractual obligation, but in the exercise of its governmental or legislative capacity. Unfortunately, it found itself unable to collect sufficient taxes to make the appropriations good. Whatever disappointment this may have occasioned to the Volunteer Fire Department, that body has no claim which it can successfully assert either at law or in equity.

It may be added, as of merely academic importance, that even if there existed a contractual right (not reduced to judgment), the remedy would be limited to an action in assumpsit, because mandamus against public officials is available only for the enforcement of obligations imposed by law and not where the claim rests wholly on contract: *Edelman v. Boardman,* 332 Pa. 85, 91, 2 A. 2d 393, 396.

Decree affirmed.