## Commonwealth ex rel. v. Borough of Taylor et al.

*Laurence D. Savige*, for relator.
*Raymond T. Law*, for defendants.

EAGEN, J., August 2, 1944.—We have here a motion to quash a writ of alternative mandamus.

The Taylor Hose & Engine Company No. 1 is a volunteer fire company in the Borough of Taylor,

Lackawanna County. Respondents herein are the officials of said borough.

In the audit of the borough for the year 1942, filed on April 15, 1944, among the liabilities is listed, "Taylor Hose and Engine Company No. 1, $7,700". No appeal was filed from this audit. In the year 1943, the borough council made a further appropriation in favor of this same fire company in the sum of $2,000, and an additional appropriation in the year of 1944, in the sum of $1,500. During the year 1943, the sum of $1,-500 was paid by the borough to the fire company.

An order directing the payment of $9,900 by the borough to the company is sought in this action. Respondents in filing this motion to quash the writ question the right of the court to grant the relief prayed for. The statute authorizing a borough to appropriate funds for a fire company is as follows (Act of May 4, 1927, P. L. 519, sec. 1202, cl. XIX, 53 PS §13331) :

"The powers of the borough shall be vested in the corporate officers. They shall have power: . . .

"XIX. To purchase fire-engines and fire-apparatus and supplies for the use of the borough, and to appropriate money to fire companies and for the construction, repair, and maintenance of fire company houses."

The law is clear that there is no duty imposed upon the council to make an appropriation to volunteer fire companies and, further, if the appropriation is made it does not create any vested right in any fund in favor of the beneficiaries.

"Budgetary appropriations by the township did not create in plaintiff a vested right in any fund; they were executory gifts subject to revocation before actual payment of the money . . .": Commonwealth ex rel. Fortney v. Bartol et al., 342 Pa. 172 (syllabus).

Therefore, as far as the appropriations made by the borough council in the years 1943 and 1944 are concerned, there is no claim that can be asserted therefor either at law or in equity. See also Firemen's Relief Assn. v. Scranton, 217 Pa. 585.

The remaining and more involved question is whether or not this action can be asserted for the sum listed as a liability in the 1942 audit, from which no appeal was taken.

Relator contends that the failure of the borough to appeal from this 1942 audit established the liability for the amount specified therein and is conclusive. We do not so agree. Many cases have been cited holding that an unappealed audit regularly made and filed is a conclusive judgment. An examination of these authorities discloses that in each and every instance the party involved was an officer obliged by law to submit his account to the auditing officers. We have found no authority, and none has been called to our attention, holding that an audit under such circumstances is conclusive as to the rights of third persons. In Kistler et al. v. Carbon County et. al., 154 Pa. Superior Ct. 299, it was held (p. 312) that the general rule providing that an appeal from the decision of the auditing authorities was the exclusive remedy applied only to "such county officers as are obliged by law to submit their accounts to auditing officers: Cf. House v. Allegheny Co., 153 Pa. Superior Ct. 396, 34 A. 2nd 48." In the case of Mermelstein v. Poor District of Fell Township, May term, 1937, no. 116, judgment was entered upon præcipe of plaintiff's attorney for a sum carried in the auditor's report (unappealed from) as a liability of the district. Upon petition, this court later struck the judgment from the record.

We conclude, therefore, that the audit in question is not conclusive and fails to establish the liability asserted.

Now, therefore, August 2, 1944, the writ of alternative mandamus is quashed and the petition is dismissed.