## Coal Township School District v. Coal Township Taxpayers Association

*John L. Pipa, Jr.,* for plaintiff.
*Louis Cohen,* for defendant.

FORTNEY, P. J., June 4, 1947.—Petitioner, the School District of the Township of Coal, presented its

petition for a decree construing section 563 of the School Code of 1911, P. L. 309, as amended, with respect to emergencies, and asked to have determined in particular whether the members of the board of school directors of petitioner have the legal right to create an increased debt in excess of the budget, to meet the demands of the teachers in the district for an increase in salary.

The admitted facts show that the board of directors of the School District of the Township of Coal, a school district of the third class, regularly convened June 5, 1946, and unanimously adopted a budget for the school year 1946-47. This budget provided for the appropriation of certain sums of money for salary of its teachers. During the latter part of October and the early part of November 1946 discontent and dissatisfaction over salaries paid the teachers, occasioned by the increased cost of living, came to the attention of the board. On November 4, 1946, the teachers of petitioner, 90 in number, presented a written request to the board for an increase in salary for the school year 1946-47 amounting to $300 for each teacher. Subsequent negotiations between the board, its teachers, and the Department of Public Instruction of the Commonwealth of Pennsylvania failed to produce any satisfactory agreement, as a result of which the teachers actually went on strike as of November 28, 1946, and remained away from their place of employment until January 6, 1947.

On January 2, 1947, a general mass meeting was held, at which time there were present citizens, taxpayers, teachers, and members of the board of directors of petitioner. At this meeting a public demand was made to meet the request of the teachers of your petitioners, and upon the failure of petitioner to meet this demand the threat was made of a general and protracted strike by the teachers, which would undoubt-

edly have resulted in a general paralysis of the entire school system.

On January 6, 1947, the board of directors of petitioner, at a special session, acceded to the demands of the teachers, and the teachers then returned to their places of employment, resumed their duties, and have continued in the performance of these duties since that time.

The School Teachers Association of the Township of Coal, Local No. 695, United Public Workers of America, join in the prayer of this petition for a declaratory judgment. The Coal Township Taxpayers Association of Northumberland County, Pa., filed its answer admitting the statements of fact contained in the petition, but denied the conclusions purporting to show the urgency for the granting of the prayer of the petition, and aver that they oppose the action of the board of school directors for the reason that the same is illegal.

The financial condition of the school district is such that there are no present funds available to meet the increase in salaries to the extent agreed upon for each teacher. There is no unencumbered balance which can be transferred from any other fund to the fund allocated to pay the salary of the teachers. To make the payment of the increased amount for each teacher will require the sum of $27,000, which will cause petitioner to exceed the budget in the item therein set out as salary for its teachers, as well as the entire budget totals.

The prayer of the petition is that the court answer four questions, viz.:

1. Was the action of the board of school directors of your petitioner, on January 6, 1947, granting each professional employe a bonus of $100 when he or she returned to duty, an additional sum of $100 to each at the close of the present school term, and a further amount, not to exceed $100, to each at the close of the

school term if the finances of the district warranted such expenditure, legal, binding on the present board of school directors, and enforceable by those who stand to benefit thereby?

2. Could the contracts of the professional employes of your petitioner be legally altered to reflect the specified increase as of September 3, 1946?

3. Did the members of the board of school directors of your petitioner, under the facts stated, have the legal right to create an increased debt which was in excess of the budget in the amount of $27,000?

4. In the event the court determines that petitioner has no right to increase the said salaries retroactive as of September 3, 1946, does it have the right to proportionately increase said salaries as of January 6, 1947, the date of the resolution granting the increase, and continuing to the end of the present school term?

The School Code of May 18, 1911, P. L. 309, as amended, 24 PS §610, provides:

"The board of School Directors of each school district of the second, third or fourth class, shall, annually, at least thirty days prior to the adoption of the annual budget, prepare a proposed budget of the amount of funds that will be required by the school district in its several departments for the following fiscal year . . .

"The board of school directors may, during any fiscal year, make additional appropriations or increase existing appropriations to meet emergencies, such as epidemics, floods, fire, or other catastrophies, the funds therefor to be provided from unexpended balances in existing appropriations, from unappropriated revenue, if any, or from temporary loans."

The principal question here presented in this petition for declaratory judgment is whether or not the actual striking of the school teachers of the Township of Coal, which caused them to remain away from their

place of employment for more than four weeks, and necessitated the closing of all public schools, threatening a general paralysis of the entire school system, constituted an emergency within the meaning of the act of assembly.

The statute refers to emergencies such as epidemics, floods, fires or other catastrophies. Here we have enumerated physical disasters which might impair the usefulness of school buildings, and of epidemics which would endanger the health of a community. We do not believe the legislature intended to limit the general term "emergencies" to emergencies of a physical nature. If this had been the intention of the legislature it could easily have said so. It deliberately inserted the broad term "emergencies" to provide for any emergencies brought about by an act of God or man, which imperiled school operations. It is a well known fact that Coal Township is in a distressed financial condition. Due to its inability to collect taxes the school district of the township has been the recipient of State aid for a number of years, amounting to more than three quarters of a million dollars. In our interpretation of the phrase "other catastrophies" we note the Supreme Court in Commonwealth ex rel. Fortney (for use) v. Bartol et al., 342 Pa. 172, in its opinion making reference to the distressed financial condition of this same township, indicated that the failure to collect taxes was due to the *catastrophic* situation in the coal mining industry. The situation here is somewhat different from one where a strike was merely threatened, or where qualified teaching personnel might be attracted to more remunerative positions in private industry, thereby causing a possible loss to the school district by the uncertainty of replacing such teaching personnel. Here we have an actual closing of the entire school system of Coal Township, affecting nearly 2,500 children, with a threatened protracted

strike. Some of these children had planned to attend institutions of higher learning, or to enter professional schools. All must, of necessity, attend school the required number of days in this year. A protracted strike would have made this impossible.

The fundamental policy of our public school system is to secure the greatest educational opportunities possible for the children of this Commonwealth, by assuring capable and competent teachers not only security of employment, but a basic pay which will permit them to live a life of comfort and dignity. We subscribe to the view expressed in Robinson Township School District's Petition, 58 D. & C. 217, where it is said:

"Teachers who must pinch pennies and live with their families on a level which permits only the barest minimum existence are not able to do that. They cannot transmit a true understanding of the values of individual freedom and of the dignity of man without which American democracy cannot live."

A sane, tolerant, comprehensive and liberal view of the situation as it existed in this school district in November of 1946 is required in arriving at a correct solution. The school term began in September of 1946. The school budget was adopted in June of 1946—this was long after the end of the war. At that time the price level on goods and commodities was rising gradually. There was little or no indication, and neither the directors of petitioner nor the teachers themselves could be expected to foresee, that the Office of Price Administration would suddenly be discarded and that prices on necessities would be permitted to be increased to unimagined heights. It is a well known fact that the salaries of school teachers are entirely inadequate to meet the present high cost of living.

Petitioner contends that the situation created in this district by the striking of the school teachers makes the situation an "emergency", which justifies and permits the district to exceed the total budgeted expenditures.

The foregoing reasoning has judicial sanction in the Commonwealth of Pennsylvania in Robinson Township School District's Petition, 58 D. & C. 217, and in Charleroi Borough School District, 58 D. & C. 126. See also State ex rel. McHose v. District Court et al., 95 Mont. 230, 26 P. (2d) 345, where it was held that judgment against the school district for teachers' salaries constituted an emergency not provided for by district budget adopted before the entry of judgment.

Our legislature recognized in the passage of the Act of March 19, 1943, P. L. 18, that the war had brought about an emergency, although up until that time the cost of living had been kept down with reasonable success. The Act of 1943, supra, deals with wages and salaries of public employes. It is expressly stated that during the emergency arising out of our present war conditions political subdivisions of the Commonwealth of Pennsylvania are allowed to increase salaries and wages. Section 1 of this act reads as follows:

"Cities, counties and other political subdivisions of this Commonwealth, are hereby authorized, during the emergency arising out of present war conditions and until the expiration of the fiscal year next following the cessation of hostilities, to pay to any officer (except officers elected by the people), employe or other person, whose salary or wage is paid out of such treasuries and is or may be fixed and limited by any act of the General Assembly, such compensation in addition to the amount fixed and limited by such act of the General Assembly as the council, or other body having the power to appropriate money of such city, county or other political subdivision of the Commonwealth, may fix and determine."

The hostilities ended in August 1945, and the fiscal year next following would be 1946-47. The act is still in force. A school district is a political subdivision: Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §601.

As was said by the court in Hench v. Carlisle Borough School District, in the Court of Common Pleas of Cumberland County, 26 May term, 1947: "Under the School Code, salaries of teachers cannot be increased if to do so would exceed the budgeted appropriation therefor, except under the conditions set forth in Section 563." To hold that section 563 does not apply, and that salaries cannot be increased, is therefore a limitation on salaries by act of assembly, and it would seem that under the Act of 1943, supra, the school board had authority to grant the bonus involved herein.

In the instant case the school board, in its petition, sets forth that an emergency exists, and we hereby make an express finding of fact to that effect.

The school district, prior to the filing of this petition, paid its school teachers a bonus of $100. A bonus is sometimes used in a sense of a gift or gratuity, but is commonly used to denote an increase in salary or wages in contracts of employment. The bonus paid to the employes here is not a gift or a gratuity, but an offer on the part of the employer in order to procure efficient and faithful services, and when the employe enters upon the service upon that inducement it becomes a supplemental contract.

There is but one other question involved in this proceeding, that is whether or not the contracts of the teachers of your petitioner could be legally altered to reflect the specified increase either as of September 3, 1946, or does it have the right to proportionately increase salaries as of January 6, 1947?

It is undoubtedly the law that contracting parties cannot ignore their own contractual covenants with impunity and still seek to hold the other to the contract; but it has been held in Elliott et al. v. Lindquist et al., 356 Pa. 385, 388: "Parties to a written contract may abandon, modify or change it by words or by con-

duct." See also Jacobs v. Wilkes-Barre Township School District, 355 Pa. 449, where it was held:

"The parties to a written contract may subsequently abandon it in whole or in part, modify or change it, or substitute a new one. . . ."

We do not believe the modification of this written contract between petitioner and the teachers may be made retroactive as of September 3, 1946, but we do hold that petitioner has the right to proportionately increase the said salaries as of January 6, 1947, and continuing to the end of the present school term, and we, therefore, make the following

## *Order*

And now, to wit, June 4, 1947, the petition of the Township of Coal for a decree construing the provisions of the School Code with respect to creating an increased debt in excess of the budget to meet the demands of the teachers in the district for an increase in salary having come on for adjudication, it is determined that the said increase can be made without violation of the provisions of the School Code, and it is adjudged and decreed that the School District of the Township of Coal be, and hereby is authorized in accordance with section 563 of the School Code of May 18, 1911, P. L. 309, as amended, relating to emergencies, increase its indebtedness in excess of the budget to make available the agreed monies to pay the increase in the salaries of its teachers for the year 1946-47. It is further ordered and adjudged that the increase of the said salaries for its teachers shall not be retroactive to September 3, 1946, but said increase shall be proportionate as of January 6, 1947, and continuing to the end of the present school year.