## City of Jeannette v. Shope (No. 1)

*George Conti* and *Andrew Romito*, for plaintiffs.
*H. R. Belden, Jr.*, for defendants.

SCULCO, J., November 16, 1973.—This matter is before the court en banc on defendants' preliminary objection in the nature of a demurrer to plaintiffs'

complaint in mandamus. A summary of the facts in this matter is as follows:

On or about January 5, 1971, the Westmoreland County Board of Commissioners at a regular meeting adopted the 1971 budget which provided that $45,000 per year for a period of three years beginning in 1971 would be appropriated to both plaintiffs, City of Jeannette and City of Arnold. That at the time of this action the board of commissioners was comprised of Bernard F. Scherer, John J. LaCarte and James R. Kelley and said board did cause both plaintiffs to be paid $45,000 each in 1971.

In 1972, both plaintiffs received another sum of $45,000, the board of commissioners being altered and comprised of Dorothy K. Shope, Robert G. Shirey and James R. Kelley. This same board in 1973 declined to appropriate the sum of $45,000 to each of plaintiffs; and thus plaintiffs filed a complaint in mandamus which requested an order of court directing the Commissioners of Westmoreland County to appropriate and pay to plaintiffs the sum of $45,000 each in accordance with the 1971 resolution.

On September 6, 1973, the Commissioners of Westmoreland County filed preliminary objections in the nature of a demurrer and in the nature of a petition raising the question of jurisdiction. The commissioners subsequently abandoned their objection relating to jurisdiction and advanced as their sole argument their objection in the nature of a demurrer. The singular question raised in this matter is whether or not the 1971 board of county commissioners had the power to bind the 1972 and 1973 board.

In Commonwealth ex rel. Fortney v. Bartol et al., 342 Pa. 172 (1941), the court set forth the following:
"In the performance of sovereign or governmental, as distinguished from business or proprietary, func-

tions, no legislative body, or municipal board having legislative authority, can take action which will bind its successors. (Citing cases) It cannot enter into a contract which will extend beyond the term for which the members of the body were elected. It cannot, by ordinance or resolution, make it obligatory upon a future body to pass an ordinance."

Justice Stern in the Fortnoy case concluded that the board of commissioners could neither agree nor ordain that later commissioners, in the exercise of their governmental power, would be constrained to appropriate funds for governmental projects designated by prior commissioners.

Although this rule is presently controlling, plaintiffs contend that our appellate courts have planted the seeds of erosion within this rule by creating limited exceptions to it. Plaintiffs reply on MacCalman v. Bucks County, 411 Pa. 316 (1963).

Under the facts in this particular case, it is the opinion of the court that it need not pass upon whether the MacCalman v. Bucks County case planted the seeds of erosion within the rules set forth in the Fortnoy case.

The present board of commissioners, comprised of Dorothy K. Shope, Robert G. Shirey and James R. Kelley, did in the year 1972 cause to be paid pursuant to the resolution of January 5, 1971, the sum of $45,000 to the City of Jeannette and the sum of $45,000 to the City of Arnold.

It is the court's opinion that this action by the present board of commissioners ratified the resolution of January 5, 1971, by the previous board of commissioners, and, therefore, confirmed and adopted the same resolution and are obligated to pay in accordance with the said resolution.

## ORDER OF COURT

And now, November 16, 1973, after due and careful consideration of the pleadings and briefs presented in this matter, it is hereby ordered, adjudged and decreed that defendants' preliminary objection in the nature of a demurrer is without merit and the same is hereby dismissed; consequently, plaintiffs' complaint in mandamus is sustained.