537 A.2d 946

Falls Township, Appellant *v.* James McManamon, Appellee.

Submitted on briefs September 17, 1987, to Judges MACPHAIL, BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Richard S. Hoffman,* for appellant.

*Martin J. King,* for appellee.

OPINION BY JUDGE BARRY, February 18, 1988:

Falls Township appeals an order and opinion of the Court of Common Pleas of Bucks County which declared null and void parts of an employment contract between James McManamon and Falls Township.

On November 26, 1985 the "lame duck" supervisors of Falls Township, after dismissing the reigning police chief, appointed McManamon in his stead. The supervisors then entered into an employment contract with

McManamon. This contract was to be in effect from November 26, 1985 to December 31, 1988 and contained a number of provisions of which the township complains.[1] In May, 1986, Falls Township, filed a complaint in declaratory judgment seeking to have the contract declared invalid. It is alleged that the contract is against public policy, is not supported by adequate consideration, allows McManamon to be grossly overpaid, removes control of the police force from the supervisors, leaves the township without any recourse against McManamon, and unjustly enriches McManamon.

Our scope of review in this matter is to determine whether the trial court abused its discretion. A declaratory judgment is not a matter of right, but a matter initially for the trial court's discretion. *Keystone Insurance Co. v. Warehousing & Equipment Corp.*, 402 Pa. 318, 165 A.2d 608 (1960).

> The Declaratory Judgments Act, 42 Pa.C.S. §§7531-7541, is broad in its scope and is to be liberally construed, but is not without its limitations. Doe v. Johns-Manville Corp., 324 Pa. Super. 469, 471 A.2d 1252 (1984). The purpose of the Act is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other relations. 42 Pa.C.S. §7541(a), Fidelity Bank v. Pennsylvania Turnpike Commission, 498 Pa. 80, 444 A.2d 1154 (1982). The construction of documents, including written

---

[1] Among some of the provisions that are contested by Falls Township are: McManamon is able to be the final authority on all police connected business; he is able to set his own overtime; he can refuse an assignment to a school; he is to become the deputy chief of police should any other person be appointed to the chief's position; his legal fees arising from any litigation concerning this contract are to be paid by the Township; and the contract creates a review process that will circumvent the board of supervisors.

contracts and leases, may properly be the subject of an action for declaratory judgment. *See* 42 Pa. C.S. §7533; *Girard Trust Co. v. Tremblay Motor Co.,* 291 Pa. 507, 140 A. 506 (1928) (construction of lease). *New London Oil Co., Inc. v. Ziegler,* 336 Pa. Superior Ct. 380, 383, 485 A.2d 1131, 1133 (1984).

The trial court declared as void the second and third paragraphs of Article V of the contract. This portion of the contract called for a discipline review committee to make any preliminary determinations as to the propriety of McManamon's action. The trial court also stated that other provisions of the contract might need to be construed in the future, but, did not address any further provision of the contract opining that McManamon was entitled to the performance of his duties without the interference of political pressures. Falls Township, however, contends that the entire contract should be declared invalid.

The main gist of Falls Township's argument concerns Article II of the employment contract which states, "the term of this agreement shall be from November 26, 1985 to December 31, 1988. All provisions hereof shall be deemed effective on November 26, 1985." Falls Township contends that this provision of the contract causes the entire contract to be against public policy as the "lame duck" supervisors, in entering into a "midnight contract", illegally attempted to bind their successors in office. The township alleges that a municipal government may not bind its successors in office and therefore the contract should be declared null and void. We will confine our discussion to this issue.

A municipality has only those powers specifically granted and inherent powers needed to implement these powers. Section 65762 of the Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,*

53 P.S. §65762. Township supervisors of a second class township are given the authority to exercise the powers granted to the township. Section 65702 of the Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §65702.

> 'In the performance of sovereign or governmental, as distinguished from business or proprietary, functions, no legislative body, or municipal board having legislative authority, can take action which will bind its successors: McCormick v. Hanover Township, 246 Pa. 169, 92 A. 195; Moore v. Luzerne County, 262 Pa. 216, 105 A. 94; Born v. Pittsburgh, 266 Pa. 128, 109 A. 614. It cannot enter into a contract which will extend beyond the term for which the members of the body were elected. . . .'

*Mitchell v. Chester Housing Authority,* 389 Pa. 314, 321, 132 A.2d 873, 877 (1957).[2] Whether or not the distinction between governmental and proprietary functions still is a valid distinction, clearly, the "lame duck" supervisors were performing a governmental function and have bound their successors in office by entering into this employment contract with McManamon. Therefore, we agree with the Township contention that the trial court abused its discretion in refusing to invalidate the contract. This contract is an attempt by the

---

[2] The contract in *McCormick* was between township supervisors and an attorney for legal services. These services were to begin after the beginning of the successor board's term of office. This contract was determined to be an invalid exercise of the contracting board's powers

In *Moore,* an employment contract for supervising road construction was held to be an invalid exercise of power since it would bind the successor board.

In *Born,* it was held that a city council could not pass an ordinance or make a contract that would bind its successor in office.

predecessor legislative body, voted out of office and in its final hours, to bind its successors in the performance of an extremely vital governmental function. *See Scott v. Philadelphia Parking Authority,* 402 Pa. 151, 166 A.2d 278 (1960); *Fraternal Order of Police v. Hickey,* 499 Pa. 194, 452 A.2d 1005 (1982);

> [G]ood administration requires that the personnel in charge of implementing the policies of an agency be reponsible to, and responsive to those charged with the policy-making function, who in turn are responsible to a higher governmental authority, or to the public itself, whichever selected them. This chain of responsibility is the basic check on government possessed by the public at large. A contract which will have the effect of, and indeed appears to have been executed with the express purpose of, violating this rule runs counter to public policy and will not be enforced against the public interest. We therefore hold that the contract here involved is unenforceable, and the judgment entered below must be reversed.

*Mitchell* at 328, 132 A.2d at 880. As this contract is an attempt to influence the current governmental functions of the present board of supervisors it is against the public policy. The trial court did address many of the issues raised in the Township's petition but, no conclusion was reached for the resolution of the issues. The trial court opined that should there be any further problems rising from this contract, either the current township supervisors or a court of law could determine if the contract or a certain provision was valid. In this case, we see no legitimacy for this "wait and see" attitude.

> 'Relief by declaratory judgment or decree may be granted in all civil cases where (1) an actual controversy exists between contending parties,

or (2) where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or (3) where in any such case the court is satisfied that a party asserts a legal relation, status, right or privilege in which he has a concrete interest and that either (i) there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein . . . and the court is satified also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding. . . .'

*Friestad v. Travelers Indemnity Co.*, 452 Pa. 417, 420, 306 A.2d 295, 296 (1973). Clearly under the case law the contract is invalid. Therefore the trial court abused its discretion by not finally terminating this matter. Accordingly, we will reverse the trial court and declare the entire contract invalid.

As we have determined that the contract is invalid as against public policy, we need not address any other arguments concerning the effects of the contract.

### ORDER

NOW, February 18, 1988, it is ordered that the order of the trial court be reversed and this matter is remanded to the trial court with directions to enter a declaratory judgment consistent with this opinion.

Jurisdiction relinquished.